IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:95CR3054 |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S PETITION FOR A |
| JAMES KEITH LOVELESS, | ) | "COMMON LAW WRIT OF ERROR |
| | ) | AUDITA QUERELA" AND "WRIT TO |
| Defendant. | ) | AMEND/CORRECT JUDGMENT" |

On May 26, 2005, the defendant, James Keith Loveless, filed a document he describes as a petition for a "Common Law Writ of Error Audita Querela attacking the Judgment that was correct when rendered but is now rendered infirm by matters arising after the Judgment's rendition pursuant to the Supreme Court's recent decision held in United States v. Booker, . . . and United States v. Fanfan, . . . on January 12, 2005." (Filing 118 at 1.) After the government responded to the defendant's motion, (see filing 120), the defendant filed a document that purports to be a "Motion & Memorandum for Writ to Amend/Correct Judgment and Comitment [sic], Response to Government's Motion . . . of June 21, 2005." (Filing 121.) I take it that this document is both a reply to the government's response to the defendant's petition for a "Writ of Error Audita Querela," (filing 118 at 1), and a new motion seeking to amend or correct the judgment;[1] however, for the sake of convenience I shall hereafter refer to this document as the defendant's "reply brief." My analysis of the defendant's filings is set forth below.

I.   BACKGROUND

A one-count indictment charging that the defendant engaged in a conspiracy to distribute

---

[1]The defendant's document includes the following request for relief: "Movant asks humbly that this motion be granted, and/or the Writ of Audita Querela be granted to correct movant's sentence, reverse his conviction or void movant's judgment as this court sees and feels to be proper." (Filing 121 at 12 (emphasis added).)

1

methamphetamine was filed in this court on July 9, 1996.  (See filing 1.)  On September 27, 1996, the defendant was arraigned, and he entered a plea of not guilty.  (See filing 7.)  A jury trial was held, and on March 5, 1997, the jury returned a verdict of guilty.  (See filing 26.)  On June 30, 1997, I sentenced the defendant to the custody of the United States Bureau of Prisons for a term of 360 months, to be followed by five years of supervised release.  (See filings 39-40.)

      The defendant's conviction and sentence were affirmed on appeal.  See United States v. Loveless, 139 F.3d 587 (8th Cir. 1998); (see also filings 52, 55-56).  Thereafter, the defendant made several unsuccessful attempts to obtain postconviction relief.[2]  In summary, on August 31, 1998, the defendant filed a motion for relief pursuant to 28 U.S.C. § 2255, (see filing 61), which was denied on December 1, 1998, (see filing 69); in November 2000, the Eighth Circuit Court of Appeals denied the defendant's application for permission to file a successive habeas petition, (see filings 74-75); on April 17, 2001, the defendant filed a motion to dismiss a defective indictment, (see filing 76), which was denied on September 12, 2001, (see filing 77); in April 2002, the Eighth Circuit denied another application for permission to file a successive habeas petition, (see filings 79-80); on August 15, 2002, the defendant filed a motion for modification of sentence, (see filing 81), which was denied on September 19, 2002, (see filing 84); on October 4, 2002, the defendant filed a motion for reconsideration or to allow appealability, (see filing 85), which was denied on October 22, 2002, (see filing 87); in January 2003, the defendant filed another application for permission to file a successive habeas petition or § 2255 motion, (see filing 88), which was denied by the Eighth Circuit on March 6, 2003, (see filing 92); on February 18, 2003, the defendant filed a motion to modify an imposed term of imprisonment, (see filings 90, 94), which was denied on September 18, 2003, (see filing 98); on August 20, 2003, the defendant filed a motion for clarification of the sentence order, (see filing 97), which was denied on September 19, 2003, (see filing 99); on October 14, 2003, the defendant filed a motion for reconsideration of the motion for clarification of the sentence order, (see filing 100), which was denied on October 21, 2003, (see filing 101); on November 17, 2003, the defendant attempted unsuccessfully to appeal the orders that appear on the docket sheet as filings 98, 99, and 101, (see

---

[2]The government's response brief includes a helpful chart that outlines these attempts.  (See filing 120 at 3-4.)

filings 102-107); on June 24, 2004, the defendant filed a motion to appoint counsel and to reduce sentence, (see filing 112), which was denied on June 29, 2004, (see filing 113); and on February 11, 2005, the Eighth Circuit denied another application to file a successive habeas petition, (see filings 115-116).

  The defendant has now filed a petition for a "Common Law Writ of Error Audita Querela," (filing 118 at 1), which he insists is not, and must not be construed to be, a § 2255 motion, (see Letter from Loveless to the Clerk of the United States District Court dated May 20, 2005, filing 118).[3] In this petition, the defendant argues that a writ of error audita querela must issue in order to "plug a gap in the system of federal postconviction remedies." (Filing 118 at 6.) More specifically, he seeks the following relief "under the newly created right by the Supreme Court's decision[] [in United States v. Booker, 125 S. Ct. 738 (2005)]:

 a) The correction of the Presentence Report Investigation . . . ;
 b) The correction of the Judgment reflecting the adjusted term of imprisonment and supervised release after the removal of enhancements that were based upon facts neither admitted by Petitioner nor found by a jury to be true beyond a reasonable doubt; and . . .
 c) To have the option to be re-sentenced under the advisory Guidelines appealable under the standard of unreasonableness review.

(Filing 118 at 10 (citations omitted).) On June 21, 2005, the government filed a response brief, arguing that defendant's petition must be denied because 1) Booker has not been made retroactive to cases on collateral review; and 2) the defendant's claims are cognizable under § 2255, and he cannot invoke audita querela in this case to avoid the rules applicable to § 2255 motions. (See generally filing 120.) On July 25, 2005, the defendant filed a document which, as I indicated above, purports to be both a reply to the government's response and a motion for a "writ to amend/correct judgment and [commitment]." (See filing 121.)

## II. ANALYSIS

  Writs of audita querela have been abolished in civil cases, see Fed. R. Civ. P. 60(b), and it is not clear whether the writ remains viable in criminal cases. My law dictionary, which is

---

[3]The defendant has not obtained the certification necessary to file a successive § 2255 motion. See 28 U.S.C. § 2255.

3

Black's Law Dictionary, Special Deluxe Fifth Edition (1979), defines "audita querela" on page 120:

> The name of a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise. May also lie for matters arising before judgment where defendant had no opportunity to raise such matters in defense.
>
> The writ has been abolished in most states that have adopted Rules of Civil Procedure, being supplanted by motion for relief from judgment.

(Citations omitted). Although this definition suggests that the writ is no more than a nearly-obsolete civil remedy, and although I am aware of no Eighth Circuit Court of Appeals case holding that the writ is available as a means of attacking a criminal judgment, the defendant has cited authorities indicating that he may be eligible for the writ. First, he submits that audita querela is available pursuant to the All Writs Act, which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Second, he notes that several courts have found that audita querela may be used to fill "gaps" in the framework of federal postconviction remedies, and that these gaps arise when a particular claim is not cognizable under § 2255. (See filing 118 at 6 (quoting United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)); see also id. at 7 (citing, inter alia, United Stated v. Banda, 1 F.3d 354, 356 (5th Cir. 1993); United States v. Ayala, 894 F.2d 425, 430 (D.C. Cir. 1990); and United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982)).) Finally, he refers me to United States v. Acholonu, 717 F. Supp. 709 (D. Nev. 1989), wherein the court concluded that audita querela is available in federal criminal cases to vacate a judgment if events occur subsequent to the judgment "which constitute 'some matter of defense or discharge' . . . 'which could not be taken advantage of otherwise.'" (Citations omitted). (See filing 118 at 19. See also id. (citing, inter alia, United States v. Fonseca-Martinez, 36 F.3d 62 (9th Cir. 1994) (discussing availability of audita querela in criminal cases); Doe v. I.N.S., 120 F.3d 200 (9th Cir. 1997) (holding that "a writ of audita querela, if it survives at all, is available only if a defendant has a legal defense or discharge to the underlying judgment" (footnotes omitted)); Beltran-Leon v.

4

I.N.S., 134 F.3d 1379 (9th Cir. 1998) (holding that audita querela is available if there is a "legal defect in the conviction, or in the sentence which taints the conviction" (quoting Doe, 120 F.3d at 203)); United States v. Hovsepian, 307 F.3d 922 (9th Cir. 2002); United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2002) (en banc)).)

In light of these authorities I shall assume, for the purposes of this memorandum, that audita querela is available as a means of challenging a final criminal judgment. It remains to be determined whether the writ ought to issue in this case.

The defendant submits that the writ should issue if he can establish 1) that his claim is not cognizable under § 2255; and 2) that he "is seeking to use the newly created right [under Booker] that was not available before the Judgment in question was rendered." (Filing 118 at 7.) He argues too that both of these elements are satisfied in his case. I am not persuaded.

With respect to the first element, the defendant argues at great length that § 2255 is "inadequate or ineffective" in this case because Booker did not announce a rule that would "render the entire Judgment unlawful[], irregular and invalid." (See filing 118 at 2 (citing United States v. Addonizio, 442 U.S. 178 (1979)); see also id. at 2-7.) According to the defendant, his Booker claim is based merely upon "alleged errors in the application of the Sentencing Guidelines," which are "non-constitutional errors" that "do not alone rise to the level of 'manifest injustice' which would provide a basis for relief under § 2255." (Id. at 4 (citing United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000)).) I take it that the defendant means to suggest that since his Booker claim is not based upon an error that resulted in a "complete miscarriage of justice," Addonizio, 442 U.S. at 185 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); Perales, 212 F.3d at 1111 (quoting Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995)), and is not based upon an error that rendered the entire judgment "irregular and invalid," Addonizio, 442 U.S. at 186 (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)), it cannot be brought under § 2255.[4] (See filing 118 at 9 ("Booker and Fanfan do not render the

---

[4] The defendant also argues that "the courts have been particularly circumspect in considering claims for relief under § 2255 in cases in which the defendant has pled guilty." (Filing 118 at 4.) The relevance of this line of argument escapes me, as the defendant did not plead guilty in this case.

entire judgment unlawful, irregular and invalid in order to collaterally attack it in a § 2255.").)

I agree with the defendant that, as a general proposition, audita querela is available only if a claim is not cognizable under § 2255. See, e.g., United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001). In order to establish that his claim is not cognizable, the defendant has argued, in essence, that his claim cannot succeed under § 2255 because there has been no "miscarriage of justice," "manifest injustice," or "irregular and invalid" judgment. However, I am not convinced that a claim is "not cognizable" under § 2255 merely because it would fail on the merits if it were brought under that statute.[5] Nor am I convinced that one can establish that he is entitled to relief via audita querela by showing that his claim is too frail to proceed under § 2255. As I noted above, the defendant's own cases establish that, assuming audita querela remains viable in criminal cases, the writ exists to fill gaps in the framework of federal postconviction remedies. The defendant has identified no gap in the framework, and it seems to me that he would have me undercut the framework rather than merely plug a gap. I shall not do so.

The defendant has also failed to convince me that his second criterion, which requires him to show that he "is seeking to use the newly created right [under Booker] that was not available before the Judgment in question was rendered," (filing 118 at 7), provides sufficient grounds to warrant relief via audita querela. It is true enough that Booker was not decided until well after the defendant's conviction became final. However, defendants are not free to raise new challenges to final convictions each time a change in the law occurs, regardless of the titles they choose for the captions of their filings. One of the cases cited by the defendant explains this proposition succinctly:

> To be sure, not all postjudgment changes in law may be raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 1075-77, 103 L. Ed. 2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated

---

[5]I note parenthetically that a defendant cannot show that his claim is "not cognizable" under § 2255 merely because he is prevented from filing a second or successive motion. See United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).

6

"retroactivity" rules. Cf. Kimberlin, 675 F.2d at 869 (audita querela "cannot lie simply to enable a defendant to [avoid] . . . complying with the rules governing [section 2255] motions").

United States v. Ayala, 894 F.2d 425, 429 n.6 (D.C. Cir. 1990).

I have determined previously that Booker cannot be applied retroactively to cases on collateral review, see generally United States v. Sigala, No. 4:92CR3081 (D. Neb. April 19, 2005), and other courts that have considered this question have reached the same conclusion, see, e.g., Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-43 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614-15 (3d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Moreno, No. 8:96CR149 (D. Neb. May 5, 2005); United States v. Rios Ramirez, No. 4:02CR3139, 2005 WL 1027167 (D. Neb. May 2, 2005). Cf. United States v. Price, 400 F.3d 844 (10th Cir. 2005) (reaffirming an earlier holding that Blakely v. Washington, 542 U.S. 296 (2004), was not subject to retroactive application following Booker). The defendant cannot avoid these rulings simply by invoking audita querela. As Judge Limbaugh recently held in a case very similar to this one, "The Supreme Court's decision in Booker does not afford petitioner relief from his sentence under any theory [(including audita querela)], because Booker does not apply retroactively." Finley v. United States, No. 4:05-CV-695-SNL, 2005 WL 1474113, at *2 (E.D. Mo. June 14, 2005).

In sum, even if audita querela is available for use as a means of challenging judgments in criminal cases, it is not available if the defendant's claims would be cognizable under § 2255; moreover, I find that the writ cannot be used simply as a means to circumvent the rules governing § 2255 cases or the Supreme Court's retroactivity rules. Since the defendant has failed to show that his claim is not cognizable under § 2255 and that Booker applies retroactively, his petition for a writ of error audita querela cannot be granted.

I see nothing in the defendant's reply brief that alters the foregoing analysis, and to the extent that the brief purports to be a new and independent motion for some unspecified writ to

7

correct the judgment of conviction, it shall be denied.[6]

      **IT IS ORDERED** that the defendant's petition for a "Common Law Writ of Error Audita

---

[6]The defendant's reply brief presents a number of new issues that I shall comment upon briefly. First, the defendant's brief contains two copies of a memorandum asserting that the defendant's conviction must be reversed pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000), among other cases. The argument set forth in this memorandum is rather difficult to follow, but I take it that the defendant means to say that the "federal drug statutes" are unconstitutional because I "must defer to [c]ongressional intent to designate drug type and drug quantity as sentencing factors which may increase the applicable statutory maximum penalty for drug [crimes]," and Blakely and Apprendi establish that Congress's intent ran afoul of the Constitution. (See filing 121 at 13-16.) He also argues that the government failed to "prove beyond a reasonable doubt that [the] defendant knew the particular type and quantity of a controlled substance that he possessed," emphasizing the importance of "mens rea" in the criminal law. (See id. at 13-18.) However, to the extent that the defendant's argument depends upon a retroactive application of Blakely and Apprendi, it fails for the reasons I have already explained. See, e.g., United States v. Price, 400 F.3d 844 (10th Cir. 2005) (holding that Blakely is a new rule of criminal procedure not applicable retroactively to cases on collateral review); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (holding that Apprendi is a new rule of criminal procedure not applicable retroactively to cases on collateral review). Furthermore, even if the defendant's argument did not depend upon the retroactive application of Blakely or Apprendi, the defendant would be unable to obtain relief under the All Writs Act because he has not demonstrated that his argument is not cognizable under § 2255. See, e.g., Valdez-Pacheco, 237 F.3d at 1079-80.

      The remainder of the defendant's brief includes claims that the government has waived its right to contest the defendant's claims, (see filing 121 at 2-4), that the government failed to prove beyond a reasonable doubt that the defendant "is the same James Keith Loveless who was referred to in the record of prior convictions," (id. at 4 (emphasis omitted)), that the defendant's due process rights have been violated, (see id. at 9), and that mitigating circumstances exist in the defendant's case, (see id.). I note parenthetically that the defendant also re-asserts a claim that he is entitled to relief under Booker. (See id. at 5-7.) The defendant's "waiver" argument is without merit, and as the defendant has not persuaded me that his claims are not cognizable under § 2255, I must conclude that he is not entitled to relief under the All Writs Act.

Querela," filing 118, and his motion for a "Writ to Amend/Correct Judgment," filing 121, are denied.

Dated August 3, 2005.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge