IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:95CR3054 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES KEITH LOVELESS, | ) | MEMORANDUM AND ORDER ON EX |
| | ) | PARTE APPLICATION TO AMEND THE |
| Defendant. | ) | PRESENTENCE REPORT |
| | ) | |

The defendant has asked that "Item # 25 of the Pre-Sentence Report . . . be corrected according to the Sentencing Transcript, and Judge Urbom's ruling." I shall not do so.

Paragraph 25 of the Presentence Investigation Report says, "All available information suggests the defendant was an organizer or leader in this conspiracy. A four level increase is assigned pursuant to U.S.S.G. § 3B1.1(a)." Objection was made to that paragraph. I tentatively overruled the objection, but following the evidentiary hearing I made a finding by the greater weight of the evidence that, "As to the objection to paragraph 25 of the Presentence Investigation Report, there should be an assessment of three levels for the defendant's role in the offense. He was a manager or supervisor of a conspiracy that involved five or more persons or was otherwise extensive." The sentence was computed accordingly. (Findings on Objections to Presentence Investigation Report, dated June 30, 1997). There is no need to change the Presentence Investigation Report.

Also requested is a change of paragraph 45 of the Presentence Investigation Report, which adds two points to the defendant's criminal history category pursuant to U.S.S.G. § 4A1.1(d). Paragraph 45 states as its rationale that at the time of the offense "Mr. Loveless was on parole as a result of his conviction in the U.S. District Court of Utah. He was also serving his three-year probation from his conviction in the U.S. District Court of Utah. Lastly, he was on probation for his conviction in the Citrus Municipal Court for driving under the influence of alcohol."

The defendant now has presented copies of documents which, if they had been received

in evidence at the time of the hearing, would have apparently shown that his parole as a result of his 1984 conviction in the U.S. District Court of Utah was discharged on July 17, 1991.   The documents would merely have agreed with paragraph 40 of the Presentence Investigation Report which said regarding that 1984 conviction, "Mr. Loveless was discharged from parole on July 17, 1991."

As to the three-year term of probation, the same paragraph 40 says:

> Three year term of probation would have expired on March 9, 1992.  However, his probation was terminated early, on October 2, 1991, pursuant to a motion filed by the defendant through his attorney of record.

Accordingly, the facts were adequately set out in paragraph 40 with respect to that term of probation.   That the probation officer said in paragraph 45 that at the time of the offense for which I sentenced him, Mr. Loveless was on parole and probation from his conviction in the U.S. District Court of Utah shows only an incorrect conclusion on the part of the probation officer, and not a mischaracterization of the facts.   The facts are adequately set out in paragraph 40.

Furthermore, paragraph 45 of the Presentence Investigation Report correctly says:

> Lastly, he was on probation for his conviction in the Citrus Municipal Court for driving under the influence of alcohol.  As a result, **two** points are added pursuant to U.S.S.G. § 4A1.1(d).

The defendant has not dealt with that statement, and paragraph 42 of the Presentence Investigation Report sets out the facts that on August 3, 1990, the defendant was convicted of driving under the influence of alcohol by the Citrus Municipal Court, West Covina, California, Docket No. 90M00135, and that the probation was revoked November 28, 1990, and the original probation was placed in full force and effect.   One point was given for that conviction and two points were added because the offense for which I sentenced him was committed while the defendant was on probation for the conviction in the Citrus Municipal Court for driving under the influence of alcohol.

No change in the Presentence Investigation Report will be made.

IT IS ORDERED that the document titled "Ex Parte Application to Amend the PreSentence Report, filing 131, is denied.

Dated October 25, 2006.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge