IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:95CR3054 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES KEITH LOVELESS, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S PETITION FOR A "WRIT |
| Defendant. | ) | OF AUDITA QUERELA" |
| | ) | |

On August 31, 2009, the defendant, James Keith Loveless, petitioned pro se for a writ of audita querela. (Filing 137.) The defendant states that he "is not challenging his conviction"; rather, "[h]e is only objecting to his sentence in the form of a Writ of Audita Querela." (Filing 137 at 3.) More specifically, he argues that the writ should issue because "he is entitled to relief from [a] sentence imposed under a series of cases culminating in United States v. Booker, 543 U.S. 220 (2005)." For the following reasons, I shall deny the defendant's petition.

**I. BACKGROUND**

A one-count indictment charging the defendant with conspiring to distribute methamphetamine was filed in this court on July 9, 1996. (See filing 1.) The defendant was arraigned on September 27, 1996, and he entered a plea of not guilty. (See filing 7.) A jury trial commenced on March 3, 1997, and on March 5, 1997, the jury returned a verdict of guilty. (See filings 18, 26.) On June 30, 1997, I sentenced the defendant to the custody of the United States Bureau of Prisons for a term of 360 months, with the term of incarceration to be followed by five years of supervised release. (See filings 39-40.)

The defendant's conviction and sentence were affirmed on appeal. See United States v. Loveless, 139 F.3d 587 (8th Cir. 1998); (see also filings 52, 55-56). Thereafter, the defendant made several unsuccessful attempts to obtain postconviction relief. A thorough recapitulation of

the defendants postconviction filings and their resolutions need not be presented here,[1] but two of his filings merit a brief review. First, on August 31, 1998, the defendant filed a motion for relief pursuant to 28 U.S.C. § 2255. (See filing 61.) This motion was denied on December 1, 1998. (See filings 69-70.) Second, on May 26, 2005, the defendant filed a petition for a "Common Law Writ of Error Audita Querela," (filing 118 at 1), in which he argued that a writ of error audita querela must issue in order to "plug a gap in the system of federal postconviction remedies," (filing 118 at 6), and allow him to obtain "relief under the newly created right by the Supreme Court's decisions in Booker and Fanfan," (filing 118 at 10). I denied the defendant's petition in a memorandum and order filed on August 3, 2005, in which I concluded that audita querela was not available to the defendant because his claims were cognizable under 28 U.S.C. § 2255, and because audita querela could not be used to circumvent the rules governing § 2255 cases or the Supreme Court's retroactivity rules. (See filing 122 at 5-7.) Shortly thereafter, the Eighth Circuit Court of Appeals also denied the defendant's "petition for writ of error audita querela." (See filings 125-127.)

   The defendant has now filed a document captioned as a "Writ of Audita Querela Pursuant to 28 U.S.C. § 1651." (Filing 137 at 1.) The defendant argues that 1) "[t]he Writ of Audita Querela is available to [him] because Booker announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal and habeas petitions," 2) his "Writ of Audita Querela" must not be construed "as a 28 U.S.C. § 2255 motion," and 3) the writ must issue to correct "a grave injustice that has occurred as a result of Mr. Loveless' 30-year sentence, which was imposed pursuant to the then-mandatory Federal Sentencing Guidelines now declared unconstitutional." (Filing 137 at 26-27.)

           II.  STANDARD OF REVIEW

   The writ of audita querela has been abolished in civil actions. See Fed. R. Civ. P. 60(e).

---

[1]The defendant's postconviction filings are summarized in the "Memorandum and Order on Defendant's Petition for a 'Common Law Writ of Error Audita Querela' and 'Writ to Amend/Correct Judgment,'" (filing 122 at pages 2-3), and in a chart that the government has included in its response brief, (filing 139 at pages 1-3).

"The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954) and the All Writs Act." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).[2] The Ninth Circuit explained,

> In Morgan, the Court decided that Rule 60(b) [(current Rule 60(e))] did not abolish a federal prisoner's right to petition for the related common law writ of coram nobis because such a petition is part of the original criminal case, not a separate civil proceeding. Morgan, 346 U.S. at 505-06 n.4. The Court further concluded that § 2255 did not encompass the entire field of postconviction relief and that, in the proper circumstances coram nobis remained available to invalidate a defective criminal conviction. Id. at 511.
>
> We have stated subsequently that Morgan stands for the proposition that the common law writs, such as coram nobis and audita querela, are available to "fill the interstices of the federal postconviction remedial framework." In other words, the common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief.

Valdez-Pacheco, 237 F.3d at 1079 (citations and internal quotation marks omitted). The Ninth Circuit also noted, however, "that a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." Id. at 1080.

Although it does not appear that the Eighth Circuit has yet held that audita querela is potentially available to federal prisoners seeking to challenge their convictions or sentences, the court recently stated, in an unpublished decision, that "[a] writ of audita querela is not available where other cognizable remedies exist." United States v. Feist, No. 08-3894, 2009 WL 3151832, at *1 (8th Cir. 2009). It is likely, therefore, that the Eighth Circuit would agree with the Ninth Circuit's conclusion that the writ "is not available to challenge a conviction or sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to § 2255." Valdez-Pacheco, 237 F.3d at 1079.

---

[2]The All Writs Act states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

### III. ANALYSIS

As noted above, the defendant has previously petitioned for a writ of audita querela. The instant petition raises essentially the same issues that were raised in his previous petition, i.e., whether the writ of audita querela is available to the defendant; whether his claim that he is entitled to resentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), is cognizable under § 2255; and whether Booker can be applied retroactively to the defendant. (Compare filing 137 at 3-4 with filing 118 at 1, 6-9.) Indeed, the defendant anticipated that the government would respond to his petition with an argument that his "claim has already been rejected." (Filing 137 at 13.) In arguing that the instant petition is "different," the defendant relies heavily on Kessack v. United States, No. C05-1828Z, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008). (See filing 137 at 13-17.) It seems to me, therefore, that a discussion of Kessack is in order.

In 1990, Kessack and six other individuals were convicted of multiple offenses. Kessack, 2008 WL 189679, at *1. Applying the then-mandatory Federal Sentencing Guidelines, the court sentenced Kessack to a term of thirty years imprisonment. Id. Ultimately, Kessack was sentenced to a term of imprisonment that was 20 years longer than any of his co-defendants' sentences. Id. Kessack's conviction and sentence were affirmed by the Ninth Circuit. Id. at *2. Kessack then filed a § 2255 motion that was denied by the district court, and the Ninth Circuit rejected Kessack's attempts to obtain authorization to file successive § 2255 motions. Id. Kessack then petitioned for a writ of audita querela, arguing that he was "entitled to relief from the sentence imposed by this Court under a series of cases culminating in the United States Supreme Court's landmark decision in United States v. Booker." Id.

The district court granted Kessack's petition for a writ of audita querela for three main reasons. First, the district court determined that "[t]he Writ of Audita Querela was available to Mr. Kessack because Booker announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and habeas petitions, thus distinguishing his case from Valdez-Pacheco." Kessack, 2008 WL 189679, at *6. See also id. at *2-4. In determining that the writ was available to Kessack, the court also rejected the government's argument that audita querela "applies only to remedy an error in a conviction, and not an error in a sentence," and

found that "there may be no other remedy available to Mr. Kessack in this criminal case to remedy a grave injustice." Id. at *3-4.

Second, the court declined to construe Kessack's petition as a § 2255 motion. See id. at *4-5. The court recognized that § 2255 provides a means for prisoners in federal custody to move to vacate, set aside, or correct their sentences on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States" (among other grounds). Id. at *4. Nevertheless, the court found that the United States Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954), establishes that § 2255 "does not bar federal courts from considering common law writs." Kessack, 2008 WL 189679, at *4. The court explained that, in accordance with its interpretation of Morgan, "Kessack's exhaustion of his statutory rights under 28 U.S.C. § 2255 [did] not bar his Petition for Writ of Audita Querela" because: "(1) Mr. Kessack [had] sound reasons for failing to seek earlier relief under 28 U.S.C. § 2255, primarily the fact that Booker announced a new rule of constitutional law in 2005, (2) truly extraordinary circumstances and equities [were] presented that distinguish[ed] Mr. Kessack from other defendants sentenced prior to Booker, and (3) re-sentencing Mr. Kessack under the now-advisory Federal Sentencing Guidelines [was] necessary to achieve fundamental justice." Kessack, 2008 WL 189679, at *5. More specifically, with respect to points (2) and (3), the court explained that Kessack was "uniquely impacted by the Guideline calculations required to be made by the Court at sentencing," as demonstrated by the "extreme disparity of sentence" between Kessack and his co-defendants and the "grossly disproportionate" relationship between the sentence and the offense. Id.

Third, and finally, the court found that even though the Ninth Circuit had held that Booker does not apply retroactively to cases on collateral review, this holding did not "foreclose the retroactive application of Booker to Mr. Kessack's Writ of Audita Querela." Id. at *6. The court explained,

> Teague's limitations on retroactivity stem from the nature of habeas collateral review and the "'broad scope of constitutional issues cognizable on habeas.'" In contrast to habeas petitions, a Writ of Audita Querela cannot be used to address a broad scope of constitutional issues; rather, a Writ of Audita Querela is used to achieve justice in extraordinary situations when other postconviction remedies are unavailable.

5

Kessack, 2008 WL 189679, at *6 (quoting Teague v. Lane, 489 U.S. 288, 306 (1989)).

Several courts have considered Kessack, and it appears that none has yet been persuaded to adopt its reasoning. See, e.g., Smith v. United States, No. 4:95CR19-05JLH, 2009 WL 3003938 (E.D. Ark. Sept. 15, 2009); Neuhausser v. United States, No. 1:98-CR-48, 2009 WL 2883742 (S.D. Ohio Sept. 2, 2009); Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716 (E.D. Cal. July 29, 2009). Indeed, as the government correctly notes, another district court within the Western District of Washington has rejected Kessack's analysis, stating that it was "not compelled to follow a district court decision in violation of directly applicable Ninth Circuit precedent." Gamboa v. United States, No. CR93-2090(JET)FDB, 2009 WL 1175315, at *1 (W.D. Wash. April 29, 2009).[3] I, too, do not find Kessack to be persuasive. As I noted

---

[3]The precedent referred to here is Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), opinion amended on denial of reh'g, 530 F.3d 1183. In Carrington, the Ninth Circuit affirmed a district court's decision to reject a defendant's petition for a writ of audita querela "'for relief from an unconstitutional sentence' based on Booker." 503 F.3d at 890. The court stated,

> The district court properly concluded that the grounds for relief raised by petitioners in their initial motions are foreclosed by our case law. A writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). Rather, common law writs such as audita querela and coram nobis survive "only to the extent that they fill 'gaps' in the current systems of postconviction relief." Id. at 1079.
>
> Petitioners argue that there is a gap in post-conviction relief. They contend that the numerical limits on filing habeas petitions preclude them from raising a claim based on Booker through a § 2255 habeas petition. See 28 U.S.C. §§ 2255, 2244(b)(3). We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a "gap" in the post-conviction landscape that can be filled with the common law writs. See Valdez-Pacheco, 237 F.3d at 1080. Moreover, even if petitioners had been granted permission to file second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), we have held that Booker does not apply to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005) (per curiam). Therefore, petitioners are not entitled to relief on collateral review, however it is labeled.

6

above, I have previously determined that (1) audita querela is not available to the defendant because his claims would be cognizable under § 2255, (2) Booker does not apply retroactively on collateral review, and (3) the defendant cannot use audita querela as a mechanism for circumventing the rules governing § 2255 cases or the Supreme Court's retroactivity rules. (See generally filing 122.) Kessack does not convince me that those determinations were erroneous. Indeed, I doubt whether Kessack is consistent with the Ninth Circuit's decisions on these same points. See Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716, at *2-4 (E.D. Cal. July 29, 2009); Gamboa v. United States, No. CR93-2090(JET)FDB, 2009 WL 1175315, at *1 (W.D. Wash. April 29, 2009); see also Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001).

I find that the defendant's petition for a writ of audita querela raises claims that fall within the scope of § 2255: the defendant is a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The fact that the defendant's filing is labeled "Writ of Audita Querela" is of no significance. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela . . . the name makes no difference. It is the substance that controls." (Citations omitted)).

I find that, if audita querela is available at all, it exists only to fill gaps in the current array of postconviction remedies. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir.

---

503 F.3d at 890. In Kessack, the court distinguished Carrington and determined that the Ninth Circuit's opinion did not bar Kessack's petition for a writ of audita querela, see Kessack, 2008 WL 189679, at *5, but Kessack's analysis has been called into doubt, see Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716, at *2-4 (E.D. Cal. July 29, 2009) (noting, inter alia, that Kessack relies on a portion of Carrington that did not relate to the availability of audita querela).

2001). See also United States v. Feist, No. 08-3894, 2009 WL 3151832, at *1 (8th Cir. 2009) ("A writ of audita querela is not available where other cognizable remedies exist."). The defendant cannot use audita querela to "circumvent valid congressional limitations on collateral attacks," such as the limits placed on the rights of prisoners to file second or successive § 2255 motions, see 28 U.S.C. § 2255(h), or the time restrictions for filing § 2255 motions, see 28 U.S.C. § 2255(f)(3), "by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Valdez-Pacheco, 237 F.3d at 1080. Cf. United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002) ("We have held that a '§ 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because a prison has been denied permission to file a second or successive § 2255 motion. So too, we believe § 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively."). I reject Kessack's holding to the contrary as unpersuasive.

Furthermore, I find that Booker cannot apply retroactively to cases on collateral review, no matter what label (e.g., § 2255, audita querela, etc.) is placed on the prisoner's filing. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (holding that, because "Booker does not apply to cases on collateral review," the "petitioners are not entitled to relief on collateral review, however it is labeled"); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curium) (holding that, because Booker does not apply retroactively to cases on collateral review, there is "no colorable claim of a constitutional violation, and therefore "a writ of audita querela does not lie"); United States v. Ayala, 894 F.2d 425, 429 n.8 (D.C. Cir. 1990) ("[W]e have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela simply to evade the Supreme Court's painstakingly formulated 'retroactivity' rules."); cf. Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) ("[W]e conclude the 'new rule' announced in Booker does not apply to criminal convictions that become final before the rule was announced, and thus does not benefit movants in collateral proceedings."); United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002) (explaining that it is a "substantive legal rule," i.e., Apprendi's non-retroactivity, and not the § 2255 remedy itself, that "prevents the federal

prisoner from correcting his sentence"). Again, I am not persuaded that I should adopt Kessack's holding to the contrary.

There is no dispute that the defendant is serving a sentence that is significantly longer than the sentences that were ultimately imposed on his co-defendants. Thus, "equities in favor of re-sentencing certainly exist" in the defendant's case. Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716, at *4 (E.D. Cal. July 29, 2009). These equities, however, do not override the Eighth Circuit's holding that Booker cannot be applied retroactively to cases on collateral review. Nor do they allow the defendant to use audita querela to raise claims that clearly fall within the scope of § 2255 while avoiding the statute's legitimate requirements, restrictions, and limitations. See Luna, 2009 WL 2351716, at *4.

For the reasons set forth above, I conclude that the defendant's petition for a writ of audita querela is, in fact, a successive § 2255 motion. "Second or successive" motions under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, the Eighth Circuit's authorization is "a prerequisite under 28 U.S.C. § 2244(b)(3) to the filing of a second or successive habeas petition." Boyd v. United States, 304 F.3d 813, 814 (2002) (per curium). In this case, the defendant has filed a second § 2255 motion, but he has not obtained an order authorizing me to consider the motion.

**IT IS THEREFORE ORDERED** that the defendant's petition for a "Writ of Error Audita Querela," filing 137, is dismissed.

Dated February 8, 2010.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge