IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 4:95CR3054 |
| v. | ) | |
| JAMES KEITH LOVELESS, | ) | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RESENTENCING |
| Defendant. | ) | |

On May 28, 2010, the defendant, James Keith Loveless, filed pro se a "Motion for Resentencing." (Filing 145.) He argues that "he is serving a sentence that is significantly longer than the sentences that were ultimately imposed on his co-defendants," and that the sentence is based on the erroneous application of a "presumption of reasonableness to [the] range under [the] Federal Sentencing Guidelines." (Id. at 2.) More succinctly, he submits that "an error exists [i]n that the court overlooked and failed to consider [18 U.S.C.] § 3553(a)(6) and this created an unwarranted sentence disparity." (Filing 146 at 17.) The defendant's motion will be denied.

## I. BACKGROUND

I have summarized the relevant background on previous occasions, most recently in a memorandum and order dated February 8, 2010, denying the defendant's petition for a writ of audita querela. (See filing 143.) Briefly, on March 5, 1997, a jury convicted the defendant of conspiring to distribute methamphetamine, and on June 30, 1997, I sentenced the defendant to a term of imprisonment of 360 months, to be followed by five years of supervised release. (See filings 26, 39-40.) After the defendant's conviction and sentence were affirmed on appeal, see United States v. Loveless, 139 F.3d 587 (8th Cir. 1998), the defendant filed several motions for postconviction relief, (see, e.g., filings 61, 76, 81, 85, 90, 94, 97, 100, 112, 118, 121, 128, 137). Each was denied. (See filings 69, 77, 84, 87, 98, 99, 101, 113, 122, 129, 143.) The defendant has now filed a "Motion for Resentencing," (filing 145), which is based on an argument that "an unwarranted sentencing

disparity" exists between him and his co-defendants, (filing 146 at 17).

## II.   ANALYSIS

The defendant states that his motion is made pursuant to 18 U.S.C. § 3742(a)(1), Federal Rule of Criminal Procedure 35, and 28 U.S.C. § 2255. (See filing 146 at 4-11.) He adds that he "should not be barred from an appropriate remedy because he has misstyled his motion," and that I "should construe [the motion] as whichever one is proper under the circumstances and decide it on its merits." (Id. at 5.)

I shall begin my analysis with a brief review of the statutes and rules that, according to the defendant, authorize the instant motion. First, the defendant submits that his sentence is "subject to review under 18 U.S.C. § 3742(a)(1)." (Filing 146 at 4.) Section 3742(a)(1) states, "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law." The statute provides a "basis for appellate review of a district court's sentencing decisions," and it does "not grant jurisdiction to a district court to review a final sentence." United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993). This statute, therefore, does not avail the defendant.

Next, the defendant argues that his sentence should be reduced pursuant to Federal Rule of Criminal Procedure 35. (See filing 146 at 5.) "Rule 35 delineates a limited set of circumstances in which a sentence may be corrected or reduced." Dillon v. United States, No. 09-6338, slip op. at 10 (U.S. June 17, 2010). "Specifically, it authorizes a court to 'correct a sentence that resulted from arithmetical, technical, or other clear error' within 14 days after sentencing, Rule 35(a), and it authorizes a reduction for substantial assistance on the Government's motion, Rule 35(b)." Id. Because the defendant did not file his Motion for Reconsideration within 14 days of his sentencing on June 30, 1997, his motion is untimely insofar as it is predicated on Rule 35(a). Also, because the motion now before me is the defendant's, as opposed to the government's, the motion clearly cannot proceed under Rule 35(b).[1]

---

[1] In his brief, the defendant relies heavily on decades-old cases that discuss the version of Rule 35 that applies to offenses committed prior to November 1, 1987. (See, e.g., filing 146 at 5-8.) Prior to its amendment by Pub. L. No. 98-473, Rule 35(a) stated, "The court may correct an

Finally, the defendant argues that his motion might be "cognizable under § 2255." (Filing 146 at 8; see also id. at 4-5, 6-11.) Section 2255(a) states, "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." It also states, however, that "second or successive" motions under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also Boyd v. United States, 304 F.3d 813, 814 (2002) (per curium) (explaining that the Eighth Circuit's authorization is "a prerequisite under 28 U.S.C. § 2244(b)(3) to the filing of a second or successive habeas petition"). The defendant has already filed a § 2255 motion, (see filings 61, 69-70), and he has not obtained an order from the Eighth Circuit Court of Appeals authorizing me to consider the instant motion. Therefore I cannot consider his motion, if indeed it is made pursuant to § 2255.

It seems to me that the defendant's motion is best characterized as a § 2255 motion. The defendant argues that he was sentenced in violation of the laws of the United States, i.e., 18 U.S.C. § 3553(a), (see filing 146 at 17), and this argument falls within the substantive reach of § 2255. The defendant's claim that other statutes or rules might authorize his motion does not alter my conclusion. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[a], is a motion under § 2255, no matter what title the prisoner plasters on the cover."). Because the defendant has not obtained authorization for me to consider his successive § 2255 motion, the motion must be dismissed.

---

illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence," and Rule 35(b) imposed a 120-day deadline on motions to reduce sentences. But this version of Rule 35 does not apply in the defendant's case.

**IT IS ORDERED** that:

1. the defendant's motion for resentencing, filing 145, is dismissed; and

2. a certificate of appealability is denied, though the defendant is free to seek such a certificate from the Court of Appeals in accordance with Federal Rule of Appellate Procedure 22.

Dated July 7, 2010.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge