IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:95CR3054 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES KEITH LOVELESS, | ) | MEMORANDUM AND ORDER ON |
| | ) | MOTION TO RECALL MANDATE |
| Defendant. | ) | |
| | ) | |

In his Motion to Recall Mandate Mr. Loveless quotes from my February 8, 2010, Memorandum and Order on Defendant's Petition for a "Writ of Audita Querela," as follows:

> There is no dispute that the defendant is serving a sentence that is significantly longer than the sentences that were ultimately imposed on his co-defendants. Thus, "equities in favor of re-sentencing certainly exist" in the defendant's case. Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716, at *4 (E.D. Cal. July 29, 2009).

Not copied, however, is the rest of the paragraph which says,

> These equities, however, do not override the Eighth Circuit's holding that Booker cannot be applied retroactively to cases on collateral review. Nor do they allow the defendant to use audita querela to raise claims that clearly fall within the scope of § 2255 while avoiding the statute's legitimate requirements, restrictions, and limitations. See Luna, 2009 WL 2351716, at *4.

My Memorandum and Order on Defendant's Petition for a "Writ of Audita Querela" goes on to point out that I concluded that the defendant's petition for a Writ of Audita Querela is, in fact, a successive § 2255 motion and that such motion requires Eighth Circuit's authorization to the filing of a second or successive habeas petition, and that in this case, the defendant has filed a second § 2255 motion, but had not obtained an order authorizing me to consider the motion.

Now Mr. Loveless' Motion to Recall Mandate says that, "I assume that, if you were given an opportunity to resentence me now, you would do so more in line with the sentences my co-

1

defendants received." The truth is, however, that I have no such thought in mind. He then asks that I "contact the Eighth Circuit Court of Appeals and request them to recall the mandate in my appeal so that you could resentence me more in line with my other co-defendants." I shall not ask the Eighth Circuit to do what is requested by Mr. Loveless.

    IT IS ORDERED that:

1.     the document called, "Motion to Recall Mandate" shall be filed; and

2.     the Motion to Recall Mandate is denied.

Dated August 17, 2010.

                      BY THE COURT

                      s/ Warren K. Urbom
                      United States Senior District Judge