IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:95-CR-3054 |
| vs. | |
| JAMES KEITH LOVELESS, | MEMORANDUM AND ORDER |
| Defendant. | |

      This matter is before the Court on the defendant James Loveless' *pro se* Motion to Correct and Reduce Sentence (filing 151). Loveless' motion is, in substance, brought under 28 U.S.C. § 2255, as a motion to vacate, set aside, or correct the sentence of a federal prisoner.[1] *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). The Court will therefore construe Loveless' motion as one brought under § 2255, and, so construed, it will be denied.

## ANALYSIS

      Following a jury trial, Loveless was convicted of conspiring to distribute methamphetamine, and was sentenced to a term of imprisonment of 360 months.[2] *See*, filings 1, 26, 39–40. His conviction and sentence were affirmed on appeal. *United States v. Loveless*, 139 F.3d 587 (8th Cir. 1998). Thereafter, Loveless filed several motions for postconviction relief, including several motions under § 2255,[3] each of which was denied.[4]

      Loveless asks the Court to reduce his sentence. Briefly stated, he presents two sets of arguments. First, Loveless argues that the Court

---

[1] Loveless asserts that the Court may review his sentence pursuant to 18 U.S.C. § 3742. *See* filing 151 at 32. However, that statute provides a basis for appellate review of a district court's sentencing decision by a court of appeals; it does not grant a district court jurisdiction to review a final sentence. *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993).

[2] Loveless was tried and sentenced by Senior United States District Court Judge Warren K. Urbom, who has since retired. This case was reassigned to the undersigned judge on January 7, 2014. *See* filing 152.

[3] *See*, filings 61, 76, 81, 85, 90, 94, 97, 100, 112, 118, 121, 128, 137, 145, and 149.

[4] *See*, filings 69, 77, 84, 87, 98, 99, 101, 113, 122, 129, 143, 147, and 150.

improperly used a preponderance-of-the-evidence standard in making sentencing determinations—specifically, in finding that Loveless should be held responsible for D- versus L-methamphetamine and that he should receive an aggravating role enhancement. He also argues that the Court erred in using a preponderance standard when finding that certain trial testimony was admissible under Fed. R. Evid. 403 and 404(b). Loveless contends that these uses of a preponderance standard violated the rule established in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element that must be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 2162–63.

There are two problems with Loveless' first argument. First, *Alleyne* applies only to facts which increase minimum punishment required by statute. It does not apply to facts which increase a defendant's guidelines sentencing range. Nor does *Alleyne* apply to evidentiary rulings. Second, even if *Alleyne* supported Loveless' arguments, the decision has come too late to benefit him. *Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). And like the rule set forth in *Apprendi*, the holding of *Alleyne* does not apply retroactively to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *see also*, *United States v. Winkelman*, 746 F.3d 134 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013).

Loveless' second argument fares no better. He asks the Court to consider a policy-based, categorical variance from the sentencing guidelines that govern methamphetamine cases. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). But *Kimbrough*, which held that courts may vary from guidelines based upon broadly applicable policy rationales, was simply a further explication of *United States v. Booker,* 543 U.S. 220 (2005), which rendered the Guidelines advisory. *Booker*, like *Alleyne*, does not apply retroactively to criminal convictions which became final before its rule was announced, and thus cannot benefit petitioners such as Loveless in collateral proceedings. *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005). And as an extension of *Booker*, *Kimbrough* must be interpreted to have the same non-retroactive effect. *Cf. id.* In other words, neither *Booker* nor *Kimbrough* apply to Loveless' case, and the Court may not grant a downward variance.

There is another, more fundamental problem with Loveless' entire motion: it is not his first. A second or successive § 2255 motion is not permitted unless the motion is certified by a panel of the Court of Appeals to contain newly discovered evidence or a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Loveless does not claim to have sought such certification from the Eighth Circuit. Thus, his motion will be dismissed. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002).

## CONCLUSION

The Court has completed its initial review of Loveless' § 2255 motion. The files and records conclusively establish that Loveless' claims are without merit, and the Court finds that his motion should be dismissed. For the reasons set forth above, the Court further finds that Loveless has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. *See*, 28 U.S.C. § 2253(c); Rule 11, *Rules Governing Section 2255 Proceedings for the United States District Courts*; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Accordingly,

IT IS ORDERED:

1. Loveless' Motion to Correct and Reduce Sentence (filing 151), which the Court has construed as a § 2255 motion, is dismissed;

2. A certificate of appealability will not issue;

3. A separate judgment will be entered; and

4. The Clerk is directed to mail a copy of this memorandum and order and the associated judgment to Loveless at his address of record.

Dated this 9th day of June, 2014.

BY THE COURT:

_____
John M. Gerrard
United States District Judge